BLISS v. MISNER, appellant.

*Personal property — machinery detached from mill is — sale of, by parol — Evidence — Estoppel.*

The owner of a saw-mill detached the saws, belting and machinery used therein and removed the same to defendant's house. Afterward he sold the mill at auction, and plaintiff purchased the same and paid the purchase-price. Plaintiff claimed that the detached saws, belting and machinery were included in the purchase. *Held*, that the detached articles were personal property, and the sale thereof could be made by parol, and that the question whether the articles were sold with the real estate was properly submitted to the jury.

*Held,* also, that a written contract of sale of the real estate executed twenty days after the auction sale was simply an element of evidence for the jury and presented no question of merger or estoppel.

APPEAL from a judgment in favor of plaintiff entered upon the verdict of a jury. The action was one of claim and delivery brought in Erie county by Seth P. Bliss against Peter Misner to recover the possession of certain personal property consisting of saws, belting and machinery previously attached to and used in the saw-mill. Such property was detached from the mill by the owner and removed to the defendant's house, and there stored. The mill property was subsequently sold at auction, and the plaintiff claimed that the property which had been thus used with the mill and the fixtures thereof were at the same time sold. The plaintiff purchased the property at the auction sale and paid his bid upon the purchase and subsequently demanded the property of the defendant, and the delivery thereof being refused brought this action.

*Nichols & Allen,* for appellant.   The proofs did not show title in plaintiff.   *Champlin* v. *Parish,* 11 Paige, 405; *Livingston* v. *Smith,* 14 How. 490.   Parol evidence could not be introduced to vary the effect of the deed.   This was attempted.   *Porter* v. *Spence,* 38 N. Y. 119; *Mallory* v. *Tioga R. R. Co.,* 3 Keyes, 354; *Cram* v. *Union Bank of Rochester,* 4 id. 558; *Parsons* v. *Miller,* 15 Wend. 561; *Swick* v. *Sears,* 1 Hill, 17; *Halliday* v. *Hart,* 30 N. Y. 474; *Renard* v. *Sampson,* 12 id. 561.   Plaintiff was estopped by the recital in the contract.   *Torrey* v. *Bank of Orleans,* 9 Paige, 659; *Demeyer* v. *Legg,* 18 Barb. 20; *Cocks* v. *Barker,* 49 N. Y. 110.

*Wadsworth & White,* for respondent.

E. DARWIN SMITH, J.   The exception to the refusal of the circuit judge to nonsuit the plaintiff is not well taken.

The appeal comes before us as upon a bill of exceptions strictly, and the evidence not being contained in the bill we cannot determine that the nonsuit was improperly refused.   The disconnection and removal of the saws, belting and other articles from the saw-mill changed their character from fixtures to personal property which could be sold and transferred by parol.   The question litigated at the trial was whether these articles were in fact sold as personal property upon and with the sale at auction of the real estate.   The circuit judge fairly submitted this question to the jury as a question of fact, and their verdict settles the fact in the plaintiff's favor.

The written contract of sale of the real estate, executed some twenty days after the auction sale, presented no question of merger or estoppel, and the decision of the circuit judge was correct upon that point.   This contract was simply an element of evidence for the jury, but not conclusive.

It requires no written contract to sell personal property.   The payment of the price bid completed the sale and passed the title of such property to the plaintiff, if it was really embraced within the sale.

No error, we think, was committed in the rulings of the judge at the circuit, and the judgment should be affirmed.

*Judgment affirmed.*